IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT J. MORE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | No. 06 C 6797 |
| CITY OF CHICAGO, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

On February 8, 2006, plaintiff filed this action in state court concerning, primarily, an alleged incident from October, 2004. The defendants removed the case to federal court because it alleged some purported federal claims. They then moved to dismiss because by a September 23, 2005, Executive Committee order, any papers submitted by plaintiff to this district court were to be returned unfiled. Judge Nordberg, who then had the case, remanded it to state court, apparently concluding that the ban could not apply to a case in federal court not through any decision of the plaintiff. The defendants moved for reconsideration, conceding that perhaps they could not rely on the federal ban in view of the unusual circumstances, but that the case was, in any event banned, among other reasons, by *res judicata*, due to a dismissal by Judge Lefkow in an earlier case. The case was then reassigned to this judge, and an amended complaint was filed in federal court. Much of the time since then has been devoted to a series of motions for discovery and the like. At the last hearing this court made it very clear that plaintiff had until October 24, 2007, to file a response to defendants' motion for reconsideration, or we would rule on the basis of what had been filed. Plaintiff has not filed a response. We grant the motion for reconsideration and we dismiss the

amended complaint with prejudice.

Plaintiff has filed a motion to require the City to do something, motioned up for tomorrow, November 15, 2007. We are not quite sure to do what, since we cannot read some of plaintiff's handwriting. But that was not what was required (and also was not typewritten, as directed by this court). We ordered a response. None has been forthcoming, so we proceed as best we can.

We question defendants' concession respecting a waiver of the filing ban. Plaintiff could have alleged just state law claims; he did not, and we do not see how he can use an initial filing in state court as a means of denying defendants' right to have the matter heard in federal court. Further, the operable pleading is an amended complaint filed by plaintiff in federal court. And, perhaps most importantly, the filing ban has as its primary purpose the preservation of the resources of the court. A private litigant cannot waive the effect of an order intended to protect the court.

In any event, as far as we can determine, the action is a repeat of the claims advanced before Judge Lefkow and dismissed by her on the merits. *Res judicata* does apply. Even if some state claims did somehow survive, they are stale (they were over a year old when filed in state court in 2006), and, if they returned here once again on a removal, we would be required to reach the same result – dismissal with prejudice.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 14, 2007.